Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN APC**
2103 Montrose Ave., Suite D
Montrose, Ca. 91020
[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiff YAZAN HADDAD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAZAN HADDAD, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE & CO., a business entity; AFFIRM., a business entity; EXPERIAN INFORMATION SOLUTIONS INC., a business entity; and DOES 1-25, Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1. FAIR CREDIT REPORTING ACT;<br>2. ROSENTHAL FAIR DEBT COLLECTION SOFICTICES ACT;<br>3. CALIFORNIA IDENTITY THEFT LAW;<br>4. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT.<br><br>**JURY TRIAL DEMANDED.** |

Plaintiff alleges:

1. Plaintiff YAZAN HADDAD ("plaintiff" or "HADDAD") is a resident of the County of Los Angeles, State of California.

1

COMPLAINT

2.  Defendant JPMORGAN CHASE & CO., ("CHASE") is a CORPORATION, doing business in the State of California, County of Los Angeles as a banking provider of credit cards and as its own debt collector. Defendant AFFIRM., ("AFFIRM") is a CORPORATION, doing business in the State of California, County of Los Angeles as a buy now, pay later (BNPL), or point-of-sale installment loans, to consumers and as its own debt collector. Defendant EXPERIAN INFORMATION SOLUTIONS INC., ("EXPERIAN") is a business entity, doing business as a credit reporting agency.

3.  Defendants DOES 1-25 are individuals and business entities, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. DOES 1-25, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff had notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

4.  Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 25, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 25, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted with oppression, fraud or malice with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took

some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION
## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except EXPERIAN, which is a "consumer reporting agency" as that term is defined in 15 U.S.C. Section 1681a (f).

8. On or about January 1, 2017, Plaintiff was a part of the equifax as well as the turbotax data breach.

9. On or about November 14, 2018 Plaintiff filed a police report with the Los Angeles Police Department with Valdivia, serial number 33289, division 21 detail desk, incident report number 18111400.

10. On or about August 21, 2021, Plaintiff initiated a dispute regarding the charges directly with EXPERIAN. One account with CHASE and two accounts with AFFIRM.

11. On or about September 21, 2021, Plaintiff sent a written dispute by U.S. mail to EXPERIAN re-disputing the three accounts, one account with CHASE and two accounts with AFFIRM.

12. On or about September 21, 2021, Plaintiff initiated a dispute regarding the charges directly with CHASE and AFFIRM.

13. On or about September 21, 2021, Plaintiff's Experian credit report showed plaintiff's CHASE account balance was over 100% credit usage with a credit limit of $2,900.

14. On or about November 1, 2021, Plaintiff's Experian credit report showed the first AFFIRM account balance was $1,102.

15. On or about November1, 2021, Plaintiff's Experian credit report showed the second AFFIRM account balance was $977.

16. On or about April 11, 2022 Plaintiff filed a police report with the Los Angeles Police Department , DR Number: 222108033 Approved by Officer 34285.

17. On or about August 18, 2022, Plaintiff filed a Federal Trade Commission Identity Theft Report #150805585 for the fraudulent charges on plaintiff's CHASE and AFFIRM account's.

18. On or about February 4, 2023, Plaintiff sent correspondence to EXPERIAN, CHASE, CREIDT CONTROLL LLC, EQUIFAX and TRUE ACCORD, asking that they reinvestigate the accounts and reverse the fraudulent

charges. Plaintiff's correspondence to the defendants included plaintiff's police report and an identity theft affidavit she filed with the Federal Trade Commission. On information and belief, EXPERIAN sent dispute notices to CHASE and AFFIRM, thereby activating CHASE and AFFIRM's obligations to reinvestigate plaintiff's disputes under the Fair Credit Reporting Act.

19. On or about March 8, 2023, Experian generated an report number 0384-5794-59 after their investigation and stated the information Plaintiff disputed has been verified as accurate.

20. As of March 8, 2023, CHASE (JPMCB CARD) and AFFIRM continues to insist that the fraudulent charges are valid and has continued to credit-report the fraudulent charges to EXPERIAN, which continues to run them in plaintiff's credit report.

21. On or about March 8, 2023, Plaintiff sent correspondence to EXPERIAN, asking that they reinvestigate the accounts and reverse the fraudulent charges. Plaintiff's correspondence to the defendants included plaintiff's police report and an identity theft affidavit she filed with the Federal Trade Commission. On information and belief, EXPERIAN sent dispute notices to CHASE and AFFIRM, thereby activating CHASE and AFFIRM's obligations to reinvestigate plaintiff's disputes under the Fair Credit Reporting Act.

22. As May 1, 2023 one of the AFFIRM accounts is showing as a collection account under Jefferson Capital.

23. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from her credit reports. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to

correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

24. Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof;

f. As to EXPERIAN: by willfully and negligently failing to block identity theft information as required by 15 U.S.C. Section 1681c-2, and by failing to notify CHASE, AFFIRM of the block of identity theft information.

25. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain

and suffering, punitive damages, penalties, costs and attorney fees.

26. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

## SECOND CAUSE OF ACTION

**[VIOLATION OF THE CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT AGAINST CHASE, AFFIRM AND DOES 1-25, INCLUSIVE]**

27. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

28. Under Cal. Civ. Code Section 1788.2, "debt collector" includes "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Under this definition, CHASE, AFFIRM and DOES 1-25, Inclusive, all qualify as a "debt collector".

29. Under Cal. Civ. Code Section 1788.17, the requirements and prohibitions of the federal Fair Debt Collection Practices Act are incorporated into the California Fair Debt Collection Practices Act. SOFI, and DOES 1-25, Inclusive, all engaged in conduct proscribed by 15 U.S.C. Section 1692e (8),

8
COMPLAINT

namely, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Each of these defendants violated 1692e (8) by communicating to credit bureaus and/or the next entity in line credit information which was known to be false or which would have been discovered to have been false upon the slightest diligence. None of the defendants communicated anything to any person to suggest that plaintiff was disputing the debt or that the debt was invalid. Plaintiff reserves the right to allege other violations of the FDCPA/Rosenthal as the facts of the case unfold.

30. As a result of these violations of the California Fair Debt Collection Practices Act by CHASE, AFFIRM and DOES 1-25, Inclusive, plaintiff has suffered general and special damages according to proof, and is entitled to a statutory penalty for each separate violation of California's Act, as well as punitive damages against these defendants for conduct amounting to oppression and malice under California law. In addition, plaintiff is entitled to attorney's fees, costs and expenses.

### THIRD CAUSE OF ACTION
### [VIOLATION OF CALIFORNIA IDENTITY THEFT LAW, CIV. CODE SECTION 1798.92 et seq., AGAINST CHASE, AFFIRM AND DOES 1-25, INCLUSIVE]

29. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

30. In continuing credit reporting and debt collection activities against plaintiff after she had reported to them the identity theft situation and after providing them with a police report, CHASE, AFFIRM and DOES 1-25, Inclusive, willfully violated the California Identity Theft Law, Civ. Code Section 1798.92 et

seq.

31. Plaintiff has suffered actual damages, including general, special, incidental and consequential damages, and is also entitled to attorney's fees and costs under the California Identity Theft Law. In addition, plaintiff alleges that defendant CHASE, AFFIRM, and DOES 1-25, Inclusive, specifically violated Civ. Code Section 1798.93 (c) (6), thereby entitling her to a $30,000.00 penalty, in addition to any other damages which may be assessed.

## FOURTH CAUSE OF ACTION
## [VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST CHASE, AFFIRM AND DOES 1-25, INCLUSIVE]

32. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

33. The continued reporting by CHASE, AFFIRM and DOES 1-25, Inclusive, after receiving ample notice of the falsity of the alleged debt, violates Cal. Civ. Code Section 1785.25.

34. Plaintiff alleges that CHASE, AFFIRM and DOES 1-25, Inclusive, lack reasonable procedures to prevent this violation and similar violations.

35. Plaintiff has suffered both general and special damages according to proof. In addition, plaintiff contends that CHASE, AFFIRM and does 1-25, INCLUSIVE, willfully violated the California Consumer Credit Reporting Agencies Act by continuously furnishing credit information which was known, or which should have been known, to have been inaccurate and incomplete. In addition to general and special damages according to proof, plaintiff seeks the maximum prescribed statutory penalty against CHASE, AFFIRM and DOES 1-25, Inclusive, for each and every separate violation of the California Consumer Credit

Reporting Agencies Act. Plaintiff also seeks attorneys fees and costs from CHASE, AFFIRM and DOES 1-25, Inclusive.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;
2. For statutory penalties for each separate statutory violation where allowed by statute;
3. For punitive damages for willful violations against defendants according to proof at trial;
4. For attorney's fees where authorized by statute or law;
5. For costs of suit;
6. For injunctive relief, including but not limited to a permanent injunction against the defendants forbidding them from ever again reporting this credit item;
7. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Dated: July 7, 2023    LAW OFFICES OF ROBERT F. BRENNAN APC

By: _____
Robert F. Brennan
Attorney for Plaintiff
Yazan Haddad